06-2549ghmCainDism.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JONATHAN DEWAYNE CAIN, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2549 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Jonathan DeWayne Cain, a state inmate proceeding *pro se* and *in forma pauperis*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging a disciplinary conviction. Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because the disciplinary sanctions imposed in this case do not implicate a liberty interest, petitioner is not entitled to federal habeas relief on his due process claims. Therefore, the Court will dismiss this habeas petition.

**I.     Background**

On May 2, 2006, petitioner was convicted of a disciplinary infraction for extortion, and punished with thirty days cell and commissary restriction, fifteen days solitary confinement, reduction in line class status, and loss of 180 days good time credit.

Petitioner's step one and step two appeals were denied. Petitioner states that he is not eligible for mandatory supervised release.

## II.   Analysis

Prisoners charged with rule infractions are entitled to certain due process rights under the Fourteenth Amendment when disciplinary action may result in a sanction that impinges upon a liberty interest. *Hudson v. Johnson*, 242 F.3d 534, 535-36 (5th Cir. 2001). In Texas, however, only sanctions that result in the loss of good time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000); *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 31-33 (5th Cir. 1995).

Petitioner acknowledges that he is not eligible for mandatory supervised release. The punishment imposed on petitioner as a result of this disciplinary conviction did not implicate a protected liberty interest. Accordingly, petitioner's due process claims are without merit and this habeas petition will be denied.

## III.   Conclusion

The petition for writ of habeas corpus (Docket Entry No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The application to proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**. A certificate of appealability is **DENIED**. Any and all other pending motions are **DENIED AS MOOT**.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on August 3, 2006.

_____
Gray H. Miller
United States District Judge